UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ILONA HORVATH, | : | CIVIL ACTION NO. |
| | : | 3:01CV148 (DJS) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WESTPORT LIBRARY ASSOCIATION, | : | |
| MAXINE BLEIWEIS, IN HER OFFICIAL | : | |
| CAPACITY AS LIBRARY DIRECTOR, | : | |
| AND BONNIE J. MOON, IN HER OFFICIAL | : | |
| CAPACITY AS BUSINESS MANAGER, | : | |
| | : | |
| Defendants. | : | JUNE 18, 2004 |

## ANSWER & AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, hereby submit their Answer and Affirmative Defenses to the Substituted Complaint dated May 22, 2001.

1. Defendants deny the allegations contained in Paragraph One of the Complaint.

2. The allegations contained in Paragraph Two of the Complaint pertain to a cause of action on which judgment has entered in favor of the Defendants.

3. Paragraph Three of the Complaint contains only legal conclusions to which no response is made or required.

4. Paragraph Four of the Complaint contains only legal conclusions to which no response is made or required.

5. Paragraph Five of the Complaint contains only legal conclusions to which no response is made or required.

6. Paragraph Six of the Complaint contains only legal conclusions to which no response is made or required.

7. Paragraph Seven of the Complaint contains only legal conclusions to which no response is made or required.

8. Paragraph Eight of the Complaint contains only legal conclusions to which no response is made or required.

9. Paragraph Nine of the Complaint contains only legal conclusions to which no response is made or required.

10. Paragraph Ten of the Complaint contains only legal conclusions to which no response is made or required.

11. Defendants admit the allegations contained in Paragraph Eleven of the Complaint upon information and belief.

12. Defendants admit the allegations contained in Paragraph Twelve of the Complaint upon information and belief.

13. The allegations contained in Paragraph Thirteen of the Complaint contain only legal conclusions to which no response is made or required except to admit that Defendant, Westport Library Association, is funded, in part, by the Town of Westport.

14. Defendants admit that Maxine Bleiweis has at all relevant times held the position of Library Director for the Westport Library Association. Defendants deny the remaining allegations contained in Paragraph Fourteen of the Complaint.

15. Defendants admit that Bonnie J. Moon has at all relevant times held the position of Business Manager for the Westport Library Association. Defendants deny the remaining allegations contained in Paragraph Fifteen of the Complaint.

16. Defendants admit the allegations contained in Paragraph Sixteen of the Complaint.

17. Defendants deny the allegations contained in Paragraph Seventeen of the Complaint.

18. Defendants admit that the Westport Library Association employed the Plaintiff in excess of eleven years.

19. Defendants deny the allegations contained in Paragraph Nineteen of the Complaint.

20. Defendants admit that Westport Library Association issued various warnings to Plaintiff concerning her job performance but deny that the warnings were non-legitimate.

21. Defendants admit the allegations contained in Paragraph Twenty-one of the Complaint.

22. Defendants admit the allegations contained in Paragraph Twenty-two of the Complaint.

23. Defendants deny the allegations contained in Paragraph Twenty-three of the Complaint.

24. Defendants deny the allegations contained in Paragraph Twenty-four of the Complaint.

25. Defendants deny the allegations contained in Paragraph Twenty-five of the Complaint.

26. Defendants deny the allegations contained in Paragraph Twenty-Six of the Complaint.

27. Defendants deny the allegations contained in Paragraph Twenty-seven of the Complaint.

28. Defendants deny the allegations contained in Paragraph Twenty-eight of the Complaint.

29. Defendants deny the allegations contained in Paragraph Twenty-nine of the Complaint.

30. Defendants deny the allegations contained in Paragraph Thirty of the Complaint.

31. Defendants deny the allegations contained in Paragraph Thirty-one of the Complaint.

32. Defendants deny the allegations contained in Paragraph Thirty-two of the Complaint.

33. Defendants admit the Plaintiff returned to work on January 8, 2001 but deny the remaining allegations contained in Paragraph Thirty-three of the Complaint.

34. Defendants deny the allegations contained in Paragraph Thirty-four of the Complaint.

35. Defendants admit that Plaintiff's employment was terminated on January 8, 2001 upon her return to work but deny any implication intended by the use of the word "only."

36. Defendants deny the allegations contained in Paragraph Thirty-six of the Complaint.

37. Defendants admit that a letter memorandum was forwarded to the Plaintiff regarding her termination of employment but lacks sufficient information and knowledge as to the date she received it and leave Plaintiff to her proof.

38. Defendants admit that the memorandum was not given to Plaintiff, however, it was given to her Union representative.

39. Defendants deny the allegations contained in Paragraph Thirty-nine of the Complaint.

40. Defendants deny the allegations contained in Paragraph Forty of the Complaint.

41. Defendants deny the allegations contained in Paragraph Forty-one of the Complaint.

42. Defendants admit an advertisement was placed while the Plaintiff was on vacation leave but deny the remaining allegations contained in Paragraph Forty-two of the Complaint.

43. Defendants admit the allegations contained in Paragraph Forty-three of the Complaint.

44. Defendants admit the allegations contained in Paragraph Forty-four of the Complaint.

45. Defendants deny the allegations contained in Paragraph Forty-five of the Complaint.

46. Defendants admit the allegations contained in Paragraph Forty-six of the Complaint.

47. Paragraph Forty-seven of the Complaint contains only legal conclusions to which no response is required or made.

48. Paragraph Forty-eight of the Complaint contains only legal conclusions to which no response is required or made.

49. Paragraph Forty-nine of the Complaint contains only legal conclusions to which no response is required or made.

50. Defendants admit that Plaintiff lost her salary and benefits as a result of her discharge but deny the remaining allegations contained in Paragraph Fifty of the Complaint.

51. Defendants deny the allegations contained in Paragraph Fifty-one of the Complaint.

**FIRST CAUSE OF ACTION**

52-101.  Defendants repeat and reassert their response to Paragraphs One through Fifty-one of the Complaint as their responses to Paragraphs Fifty-two through One Hundred One of the First Cause of Action of the Complaint as if fully set forth herein.

102.  Paragraph One Hundred Two of the First Cause of Action of the Complaint contains only legal conclusions to which no response is made or required.

103.  Paragraph One Hundred Three of the First Cause of Action of the Complaint contains only legal conclusions to which no response is required or made.

104.  Defendants deny the allegations contained in Paragraph One Hundred Four of the First Cause of Action of the Complaint.

105.  Paragraph One Hundred Five of the First Cause of Action of the Complaint contains only legal conclusions to which no response is required or made.

**SECOND CAUSE OF ACTION**

Judgment has entered in favor of the Defendants on the Second Cause of Action in the Complaint.

AND NOW, further pleading, Defendants submit these their Affirmative Defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action for which this Court may grant relief.

**SECOND AFFIRMATIVE DEFENSE**

Defendants Bleiweis and Moon are entitled to qualified immunity.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate her damages.


Done at Bridgeport, Connecticut, this 18th day of June, 2004.

                                                Loraine M. Cortese-Costa, Esq.
Federal Bar No. ct03984
DURANT, NICHOLS, HOUSTON,
HODGSON & CORTESE-COSTA, P.C.
1057 Broad Street
Bridgeport, CT 06604
(203) 366-3438
(203) 384-0317
Lcortese-costa@durantnic.com
ATTORNEYS FOR DEFENDANTS

**CERTIFICATION**

I hereby certify that a copy of the foregoing was served this 18th day of June, 2004, via U. S. Mail, Certified Mail, Return Receipt Requested to the following counsel and *pro se* parties of record:

Thomas W. Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

*Loraine M. Cortese-Costa*
Loraine M. Cortese-Costa

P:\lit\CTC\143800\108\00040494.DOC